UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ERNEST GENE GUYTON, JR., | ) | CASE NO. 1:19-cv-213 |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| WARDEN LASHANN EPPINGER, | ) | |
| | ) | |
| RESPONDENT. | ) | |

*Pro se* petitioner Ernest Guyton ("Guyton") is incarcerated at the Grafton Correctional Institution and serving a sentence for a 1983 conviction in the Lorain County Court of Common Pleas for aggravated murder and aggravated burglary with death specifications ("Criminal Case"). Guyton filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging that conviction. (Doc. Nos. 1 ["Petition"] and 3 ["Supplement"].)

Guyton asserts three grounds for relief, set forth below verbatim from the petition:

Ground One: "No Complaint." Supporting facts: "Trial court lacked subject-matter jurisdiction." (Petition at 5.[1])

Ground Two: "Trial court 'lack' subject-matter-jurisdiction." Supporting facts: "Trial did not have the charging instrument." (*Id*. at 7.)

Ground Three: "Trial in violation of due process, 14th Amendment." Supporting facts: "Trial Court basically railroaded petitioner." (*Id*. at 8.)

---

[1] All page number references are to the page identification numbers generated by the Court's electronic filing system.

Rules 2(c)(1) and (2) of the Rules Governing 2254 Cases require that the § 2254 habeas petition "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground." The AO241 petition form submitted by Guyton repeats the requirements of Rule 2(c) at numbered paragraph 12. (*See id*. at 5.)

As with all *pro se* pleadings, *pro se* habeas petitions are liberally construed by the Court. *See Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985); *Herron v. Kelly*, No. 1:10CV1783, 2013 WL 3245326, at *3 (N.D. Ohio June 26, 2013) (same) (citing *Franklin*, 765 F.2d at 84-85). But even liberally construing the petition, the stated grounds for relief and supporting facts are unintelligible and incomprehensible. Guyton's petition fails to comply with Rule 2(c) and is so deficient that it is not possible for the Court to determine the errors of fact or law raised in the petition with respect to the Criminal Case, and it fails to provide sufficient information that would allow respondent to file a responsive pleading.

Where a habeas petition is so deficient that, even liberally construed the Court is unable to ascertain the nature of Guyton's habeas claims, the petition is subject to dismissal. *Edwards v. Johns*, 450 F. Supp. 2d 755, 756 (E.D. Mich. 2006) (dismissing habeas petition where the court cannot ascertain the errors of fact or law that are raised in the petition) (citing *McFarland v. Scott,* 512 U.S. 849, 856, 114 S. Ct. 2568, 129 L. Ed. 2d 666 (1994)); *see also Rice v. Warden*, No. 1:14-cv-732, 2015 WL 5299421, at *4 (S.D. Ohio Sept. 9, 2015) (dismissal under Rule 2(c) is appropriate in cases where it is not possible for the court to determine the errors of law or fact raised in the petition for adjudication) (collecting cases), *report and recommendation adopted sub nom. Rice v. Warden, Pickaway Corr. Inst.*, No. 1:14cv732, 2015 WL 6104354 (S.D. Ohio Oct. 16, 2015).

Accordingly, this case is dismissed without prejudice to Guyton filing a petition in accordance with the requirements of Rule 2. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

**IT IS SO ORDERED**.

Dated: December 9, 2019

**HONORABLE SARA LIOI
UNITED STATES DISTRICT JUDGE**